**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
_____

**SHUZHONG BAO, Individually and on behalf of**
**all other employees similarly situated,**

|                          |                               |
|--------------------------|-------------------------------|
|                          | **Case No.:**                 |
| *Plaintiff,*             |                               |
|                          | **COLLECTIVE ACTION**         |
| - against-               |                               |
|                          | **COMPLAINT**                 |
| **SUNWOO TRADE INC.,**   |                               |
| **XUGUANG WANG a/k/a JASON WANG, and** | |
| **YIFEN BAO**            |                               |
|                          |                               |
| *Defendants.*            |                               |

_____

Plaintiff  SHUZHONG BAO ("Plaintiff") on his own behalf and on behalf of all others similarly situated, by and through his undersigned attorney, hereby files this complaint against SUNWOO TRADE INC., XUGUANG WANG a/k/a JASON WANG, and YIFEN BAO (collectively "Defendants"), and alleges and shows the Court the following:

## INTRODUCTION

1.  This is an action brought by Plaintiff on his own behalf and on behalf of similarly situated employees, alleging violations of the Fair Labor Standards Act, 29 U.S.C. 201 et seq. ("FLSA") and the New York Labor Law ("NYLL"), arising from Defendants' various willful and unlawful employment policies, patterns and/or practices.

2.  Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and NYLL by engaging in a pattern and practice of failing to pay their employees, including Plaintiff, compensation for all hours worked, minimum wages, and overtime compensation for all hours worked over forty (40) each workweek.

3.  Plaintiff alleges pursuant to the FLSA, that he is entitled to recover from the Defendants: (1) unpaid minimum wages, (2) unpaid overtime wages, (3) reimbursement for expenses relating to tools of the trade, (4) liquidated damages, (5) prejudgment and post-judgment interest; and (6) attorneys' fees and costs.

4.  Plaintiff  further alleges pursuant to New York Labor Law 650 et seq. and 12 New York Codes, Rules and Regulations 146 ("NYCRR") and New York Common Law that they are entitled to recover from the Defendants: (1) unpaid minimum wages; (2) unpaid overtime compensation; (3) unpaid "spread of hours" premium for each day he worked ten (10) or more hours; (4) compensation for failure to provide wage notice at the time of hiring and failure to provide paystubs in violation of the NYLL; (5) liquidated damages equal to the sum of unpaid minimum, unpaid overtime compensation, and unpaid "spread of hours" premium pursuant to the NY Wage Theft Prevention Act; (6) prejudgment and post-judgment interest; and (7) attorneys' fees and costs.

## JURISDICTION AND VENUE

5. This court has original federal question jurisdiction over this controversy under 29 U.S.C. 216(b), 28 U.S.C. 1331, and has supplemental jurisdiction over the New York Labor Law claims pursuant to 28 U.S.C. 1367(a).

6. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## PLAINTIFF

7. Plaintiff is a resident whose address is at 506 Piermont Ave, Piermont, NY 10968 and was employed as a restaurant manager by Defendants, with principal place of business at 506 Piermont Ave, Piermont, NY 10968 from September 3, 2018 to September 1, 2019.

8. Upon information and belief, Defendant **SUNWOO TRADE INC.** is a domestic business corporation organization and existing under the laws of the State of New York and maintaining its principal place of business at 506 Piermont Ave, Piermont NY 10968.

9. Upon information and belief, Defendant **SUNWOO TRADE INC.** had gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year. Upon information and belief, Defendant purchased and handled goods moved in interstate commerce.

10. Upon information and belief, Defendant **XUGUANG WANG,** residing at 11 Latch Iron Ct., Upper Saddle River, NJ 07458, is an owner, officer, director and/or managing agent of Defendant **SUNWOO TRADE INC.** and participated in the day-to-day operations of it and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. 203d, and regulations promulgated thereunder, 29 C.F.R. 791.2, NYLL 2 and the regulations thereunder, and is jointly and severally liable with Defendant **SUNWOO TRADE INC.**

11. Upon information and belief, Defendant **XUGUANG WANG** owns the stock of Defendant **SUNWOO TRADE INC.** and manages and makes business decisions including but not limited to the amount in salary the employee will receive and the number of the hours employees will work.

12. Upon information and belief, Defendant **YIFEN BAO,** residing at 11 Latch Iron Ct., Upper Saddle River, NJ 07458, is an owner, officer, director and/or managing agent of Defendant **SUNWOO TRADE INC.** and participated in the day-to-day operations of it and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. 203d, and regulations promulgated thereunder, 29 C.F.R.  791.2, NYLL 2 and the regulations thereunder, and is jointly and severally liable with Defendant **SUNWOO TRADE INC.**

13. Upon information and belief, Defendant **YIFEN BAO** owns the stock of Defendant **SUNWOO TRADE INC.** and manages and makes business decisions including but not limited to the amount in salary the employee will receive and the number of the hours employees will work.

14. At all times, relevant herein, Defendant **SUNWOO TRADE INC.** was, and continues to be, an "enterprise engaged in commerce" within the meaning of FLSA.

15. At all relevant times, the work performed by Plaintiff was directly essential to the business operated by **SUNWOO TRADE INC**.

## STATEMENT OF FACTS

16. Defendants committed the following alleged acts knowingly, intentionally and willfully.

17. Defendants knew that the nonpayment of minimum wage, overtime pay, spread of hours pay, reimbursement for expenses relating to tools of the trade, and failure to provide the required wage notice at the time of hiring would financially injure Plaintiff and similarly situated employees and violate state and federal laws.

18. From September 3, 2018 to September 1, 2019, Plaintiff was hired by Defendants to work as a manager for Defendants' restaurant.

19.  Throughout his employment with the Defendants, Plaintiff worked from 10:00 a.m. until 10 p.m. for Sunday, Tuesday, Wednesday and Thursday per week, and from 10:00 a.m. until 12 a.m. for Friday and Saturday per week. Plaintiff had no holidays or vacations break; Plaintiff  usually took Monday off. Therefore, Plaintiff worked approximately **seventy-six (76) hours per week.**

20.  During the period of from September 3, 2018 to September 1, 2019, Plaintiff worked for the Defendants approximately seventy-six (76) hours per week. During this period Plaintiff should receive a base compensation of $30,000 per year based on an agreement between Plaintiff and Defendants.

21.  Starting September 3, 2018 to September 1, 2019, Plaintiff worked approximately seventy-six (76) hours per week. To date, Plaintiff has not received any compensation from the Defendants for the work performed during this period.

22.  The applicable minimum wage for the relevant periods is: $10.4 per hour from September 3, 2018 to December 30, 2018 and $11.1 from December 31, 2018 to September 1, 2019.

23.  Defendants did not provide Plaintiff with the required minimum wage according to state and federal laws.

24.  Defendants did not compensate Plaintiff overtime compensation according to state and federal laws. Plaintiff was not compensated for New York State's "spread of hours" premium for shifts that lasted longer than ten (10) hours, one day each week.

25.  Plaintiff should be paid biweekly throughout his employment with the defendants but Plaintiff did not receive any compensation from the Defendants.

26. Defendants knowingly and willfully operated their business with a policy of reimbursing plaintiff for expenses incurred in relation to certain restaurant food, among others, was paid in advance by Plaintiff through the Plaintiff 's personal credit card when the restaurant business account was short of funds.  Plaintiff did not receive the above reimbursement from the Defendants, totaling **$4289.71.**

27. Defendants did not provide Plaintiff with a wage notice at the time of his hiring.

28.  Defendants committed the alleged acts knowingly, intentionally and willfully.

29.  Defendants knew that the nonpayment of minimum wages, overtime and the "spread of hours" premium would economically injure Plaintiff and the Collective Members by their violation of federal and state laws.

30.  While employed by Defendants, Plaintiff was not exempt under federal and state laws requiring employers to pay employees' overtime.

31.  Plaintiff and the FLSA Collective Action Members' workdays frequently lasted longer than 10 hours.

32.  Defendants did not pay Plaintiff and other Collective Action members' New York's "spread of hours" premium for every day in which they worked over 10 hours.

33.  Defendants failed to keep full and accurate records of Plaintiff's hours and wages.

34.  Defendants did not provide Plaintiff and other Collective Action Members with written notices about the terms and conditions of their employment upon hire in relation to their rate of pay, regular pay cycle and rate of overtime pay. These notices were similarly not provided upon Plaintiff and other Collective Members' pay increases(s).

## COLLECTIVE ACTION ALLEGATIONS

35.  Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to Plaintiff or other similarly situated employees.

36.  Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in

violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

37.  Defendants knowingly and willfully operated their business with a policy of not paying the New York State "spread of hours" premium to Plaintiff and other similarly situated employees.

38.  Plaintiff brings this action individually and on behalf of all other and former non-exempt employers who have been or were employed by the Defendants at each of their four finishing locations for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and whom failed to receive minimum wages, spread-of-hours pay, and/or overtime compensation for all hours worked in excess of forty (40) hours per week (the "Collective Action Members"), and have been subject to the same common decision, policy, and plan to not provide required wage notices at the time of hiring, in contravention to federal and state labor laws.

39.  Upon information and belief, the Collective Action Members are so numerous the joinder of all members is impracticable. The identity and precise number of such persons are unknown, and the facts upon which the calculations of that number may be ascertained are presently within the sole control of the Defendants. Upon information and belief, there are more than ten (10) Collective Action Members, who have worked for or have continued to work for the Defendants during the Collective Action Period, most of whom would not likely file individual suits  because they fear retaliation, lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiff submits that this case should be certified as a collective action under the FLSA, 29 U.S.C. 216 (b).

40.  Plaintiff will fairly and adequately protect the interests of the Collective Action Members. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

41. This action should be certified as collective action because the prosecution of separate action by individual members of the collective action would risk creating either in consistent or varying adjudication with respect to individual members of this collective that would as a practical matter be dispositive of the interest of the other members not party to the adjudication, or subsequently impair or impede their ability to protect their interests.

42. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation makes it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as collective action.

43. Questions of law and fact common to members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the questions of fact common to Plaintiff and other Collective Action Members are:

a. Whether the Defendants employed Collective Action members within the meaning of the FLSA;

b. Whether the Defendants failed to pay the Collective Action Members the minimum wage in violation of the FLSA and the regulations promulgated thereunder;

c. Whether the Defendants failed to pay the Collective Action Members overtime wages for all hours worked above forty (40) each workweek in violation of the FLSA and the regulation promulgated thereunder;

d.  Whether the Defendants failed to pay the Collective Action Members spread of hours payment for each day an employee worked over 10 hours;

e.  Whether the Defendants failed to provide the Collective Action Members with a wage notice at the time of hiring as required by the NYLL;

f.  Whether the Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA; and,

g.  Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive, and statutory damages, interest, costs and disbursements and attorneys' fees.

44.  Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

45.  Plaintiff and others similarly situated have been substantially damaged by Defendants' unlawful conduct.

## STATEMENT OF CLAIM

### Count 1
### [Violations of the Fair Labor Standards Act – Minimum Wage Brought on behalf of the Plaintiff and the FLSA Collective]

46.  Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

47.  At all relevant times, upon information and belief, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. 29 U.S.C.

206(a) and 207(a). Further, Plaintiff is covered within the meaning of FLSA, U.S.C. 206(a) and 207(a).

48.  At all relevant times, Defendants employed "employees" including Plaintiff, within the meaning of FLSA.

49.  Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

50.  The FLSA provides that any employer engaged in commerce shall pay employees the applicable minimum wage. 29 U.S.C. 206(a).

51.  At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiff, and the Collective Action Members, for some or all of the hours they worked.

52. The FLSA provides that any employer who violates the provisions of 29 U.S.C. 206 shall be liable to the employees affected in the amount of their unpaid minimum compensation, and in an additional equal amount as liquidated damages.

53. Defendants knowingly and willfully disregarded the provision of the FLSA as evidenced by failing to compensate Plaintiff and Collective Class Members at the statutory minimum wage when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action Members.

## COUNT II
### [Violation of New York Labor Law – Minimum Wage Brought on behalf of Plaintiff]

54.  Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

55.  At all relevant times, Plaintiff was employed by Defendants within the meaning of New York Labor Law 2 and 651.

56.  Pursuant to the New York Wage Theft Prevention Act, an employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to the total of such under-payments found to be due the employee.

57.  Defendants knowingly and willfully violated Plaintiff's rights by failing to pay him minimum wages in the lawful amount for hours worked.

## COUNT III

**[Violation of the Fair Labor Standards Act – Overtime Wage Brought on behalf of the Plaintiff and the FLSA Collective]**

58.  Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

59.  The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater. 29 USC 207(a)

60.  The FLSA provides that any employer who violates the provisions of 29 U.S.C. 207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC 21h6(b).

61.  Defendants' failure to pay Plaintiff and the FLSA Collective their overtime pay violated the FLSA.

62.  At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiff and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continue to violate the FLSA, 29 U.S.C. 201, et seq., including 29 U.S.C. 207(a) and 215(a).

63.  The FLSA and supporting regulations require employers to notify employees of employment law and require employers to notify employment law requirements. 29 C.F.R.516.4.

64.  Defendants willfully failed to notify Plaintiff and FLSA Collective of the requirements of the employment laws in order to facilitate their exploitation of Plaintiff's FLSA Collective's labor.

65.  Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and Collective Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action Members.

## COUNT IV

### [Violation of New York Labor Law – Overtime Pay]

66.  Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

67.  Pursuant to the New York Wage Theft Prevention Act, an employer who fails to pay proper overtime compensation shall be liable, in addition to the amount of any under-

payments, for liquidated damages equal to the total of such under-payments found to be due the employee.

68.  Defendants' failure to pay Plaintiff and the FLSA Collective their overtime pay violated the NYLL.

69.  Defendants' failure to pay Plaintiff and the FLSA Collective was not in good faith.

## COUNT V

### [Violation of New York Labor Law – Spread of Hours Pay]

70.  Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

71.  The NYLL requires employers to pay an extra hour's pay for every day that an employee works an interval in excess of ten hours pursuant to NYLL 190, et seq, and 650 et seq., and New York State Department of Labor regulations 146-1.6.

72.  Defendants' failure to pay Plaintiff's and FLSA Collective's spread-of-hours pay was not in good faith.

## COUNT VI

### [Violation of New York Labor Law – Time of Hire Wage Notice Requirement]

73.  Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

74.  The Defendants failed to furnish to the Plaintiff at the time of hiring a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day

designated by the employer in accordance with section one hundred ninety-one of this article; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of the NYLL, 195(1).

75.  Due to the defendants' violation of the NYLL, 195(1) each Plaintiff is entitled to recover  from Defendants, jointly and severally, $50 for each workday that the violation occurred or continued to occur, up to $5,000, together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law 198(1-b).

## COUNT VII
### [Violation of New York Labor Law – New York Pay Stub Requirement]

76. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

77.  The NYLL and supporting regulations require employers to provide detailed paystub information to employees every payday. NYLL 195-1(d).

78.  Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of each Plaintiff, and did not provide the pay stub on or after each Plaintiff's payday.

79.  Due to Defendants' violation of New York Labor Law, Plaintiff is entitled to recover from Defendants, jointly and severally, $250 for each workday of the violation, up to $5,000 for Plaintiff for costs and attorneys' fees pursuant to New York Labor Law N.Y. Lab. Law198(1-d).

## COUNT VIII

**[Violation of the Fair Labor Standards Act – Failure to Reimburse for Expenses Relating to Material of the Trade]**

80. Plaintiff on behalf of himself and all other similarly situated Collective Action Members and members of the Class repeats and re-alleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

81. At all relevant times, the Defendants had a policy and practice of refusing to reimburse Plaintiff for expenses in the amount of **$4289.71** incurred in relation to certain restaurant food paid in advance by Plaintiff through the Plaintiff 's personal credit card when the restaurant business account was short of funds.

82. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to reimburse Plaintiff for expenses incurred in relation to material of the trade paid by Plaintiff in advance when Defendants knew or should have known such was due.

## COUNT IX
**[Breach of Contract]**

83. Defendants failed to pay Plaintiff the agreed-upon wage of $30,000 pursuant to the agreement between Defendants and Plaintiff.

## **<u>Prayer for Relief</u>**

WHEREFORE, Plaintiff, on behalf of himself and the FLSA collective members, respectfully requests that this court enter a judgment providing the following relief:

a) Authorizing Plaintiff at the earliest possible time to give notice of this collective action, or that the court issue such notice, to all persons who are presently, or have been

employed by defendants as non-exempt tipped or non-tipped employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied proper hourly compensation and overtime wages;

b) Certification of this case as a collective action pursuant to FLSA;

c) Issuance of notice pursuant to 29 U.S.C. 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. 216(b) and appointing Plaintiff and his counsel to represent the Collective Action Members;

d) A declaratory judgment that the practices complained of herein are unlawful under FLSA and New York Labor Law;

e) An injunction against SUNWOO TRADE INC., its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

f) An award of at least the minimum wages unpaid and due to Plaintiff under the FLSA and New York Labor Law, plus compensatory and liquidated damages in the amount of twenty five percent under NYLL 190 et seq., 650 et seq., and one hundred percent after May 1, 2011 under NY Wage Theft Prevention Act, and interest;

g) An award of unpaid overtime wages due under FLSA and New York Labor Law, plus compensatory and liquidated damages in the amount of twenty five percent under NYLL 190 et seq., 650 et seq., and one hundred percent after May 1, 2011 under NY Wage Theft Prevention Act, and interest;

h) An award of unpaid "spread of hours" premium due under the New York Labor Law;

i) An award of unreimbursed expenses in the amount of $4289.71 under the FLSA;

j) An award of damages for Defendants' failure to provide wage notice at the time of hiring as required under the New York Labor Law;

k) An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay minimum wages and overtime compensation pursuant to 29 U.S.C. 216;

l) An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay minimum wages, overtime compensation and "spread of hours" premium pursuant to New York Labor Law;

m) An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. 216(b) and NYLL 198 and 663;

n) The cost and disbursements of this action;

o) An award of prejudgment and post-judgment fees;

p) Providing that if any amounts remain unpaid upon the expiration of ninety days following the issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL 198(4); and

q) Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Dated: New York, New York

November 13, 2020

/s/ Yong Chen

Yong Chen
Liu, Chen & Hoffman LLP

1 Penn Plz, Ste 2508
New York, NY 10119

136-20 38th Ave., 3A-1
Flushing, NY 11354

Tel: 212-547-6694
Email: ychen@ambizlaw.com
*Attorney for Plaintiff*

# EXHIBIT 1

## CONSENT TO BECOME PARTY PLAINTIFF
## UNDER FAIR LABOR STANDARDS ACT

By my signature below, I hereby consent to be a plaintiff in an action to collect unpaid minimum wages and/or overtime wages as well as other compensations entitled under the state and/or federal law including the Fair Labor Standards Act from DEFENDANT(S) EMPLOYER(S)

SUNWOO TRADE INC.,

XUGUANG WANG a/k/a JASON WANG, and

YIFEN BAO,

and authorize the filing and prosecuting of claims for such relief in my name and on my behalf.

SHUZHONG BAO

_____ (Signature)

PARTY PLAINTIFF

11/13/2020

Date

# EXHIBIT 2

## NOTICE OF INTENTION TO ENFORCE SHAREHOLDER LIABILITY FOR SERVICES RENDERED

**TO:**   XUGUANG WANG a/k/a JASON WANG, and
         YIFEN BAO

     PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that SHUZHONG BAO and others similarly situated intend to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders of SUNWOO TRADE INC. for all debts, wages, and/or salaries due and owing to them as laborers, servants and/or employees of the said corporations for services performed by them for the said corporation during their employment.

**Dated: November 13, 2020**

# EXHIBIT 3

## DEMAND BY EMPLOYEES TO INSPECT SHARE RECORDS AND MINUTES PURSUANT TO SECTION 624 OF THE NEW YORK STATE BUSINESS CORPORATION LAW

TO:     SUNWOO TRADE INC.
        506 Piermont Ave, Piermont**,** NY 10968

PLEASE TAKE NOTICE, that SHUZHONG BAO and others similarly situated as employees of the above corporation who intend to demand, pursuant to the provisions of Section 630 of the Business Corporation Law of New York, payment of debts, wages and/or salaries due and owing to them as laborers, servants and/or employees of the above corporation for services performed by them for the above corporation from the ten largest shareholders of the above corporation.

HEREBY DEMAND the right to examine, in person or by agent or attorney, during usual business hours, the minutes of the proceedings of the shareholders and records of shareholders of the above corporation and to make extracts therefrom on or after five (5) days from receipt of this notice.

**Dated: November 13, 2020**