UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

SHUZHONG BAO, individually and on behalf of all other employees similarly situated,

Plaintiff,

- against -

SUNWOO TRADE INC., XUGUANG WANG a/k/a JASON WANG, and YIFEN BAO,

Defendants.

---------------------------------------------------------------x

**OPINION & ORDER**

No. 20-CV-9588 (CS)

Appearances:

Li Han
LH Practice Group, P.C.
Flushing, New York
*Counsel for Plaintiff*

Richard B. Stone
Stone Mandia LLC
Neptune, New Jersey
*Counsel for Defendants*

Seibel, J.

Before the Court is the motion for summary judgment of Defendants Sunwoo Trade Inc. ("Sunwoo"), Xuguang Wang a/k/a Jason Wang, and Yifen Bao. (ECF No. 35.) For the following reasons, Defendants' motion is GRANTED.

## I. BACKGROUND

The following facts are based on the parties' Local Civil Rule 56.1 Statements, responsive 56.1 Statements,[1] and supporting materials, and are undisputed except as noted.

---

[1] I will refer to Defendants' Rule 56.1 Statement of Material Facts, (ECF No. 37), as "Ds' 56.1 Stmt." I will refer to Plaintiff's Statement of Material Facts, (ECF No. 40-4), as "P's 56.1

**A. <u>Facts</u>**

Defendant Sunwoo is a New York corporation with its principal place of business located at 506 Piermont Avenue, Piermont, New York – the same address as the restaurant that it runs. (Ds' 56.1 Stmt. ¶¶ 2-3.) Plaintiff resided at that address for a time, but Plaintiff states that he no longer resides there. (*Id.* ¶ 1; P's 56.1 Stmt. ¶ 1.) The parties dispute whether free rent was part of his compensation. (Ds' 56.1 Stmt. ¶ 19; ECF No. 35-4 ("P's Depo. 2") at 67:17-68:3.) Plaintiff is married to Defendant Wang's sister, making them brothers-in-law. (Ds' 56.1 Stmt. ¶ 12.) Plaintiff was employed as "manager" at Defendant Wang's restaurant from February 26, 2017 through September 21, 2019, and in his Complaint he describes his work as "directly essential" to the business. (P's 56.1. Stmt. ¶ 26; ECF No. 1 ("Compl."); *see* ECF No. 40-1 ("P's Aff.") ¶¶ 3, 7.)

---

Stmt." But Plaintiff's 56.1 Stmt., to the extent it goes beyond responding to Defendants' 56.1 Stmt. or setting out allegedly disputed issues, is not authorized. Local Rule 56.1 permits only a counterstatement of "additional material facts as to which it is contended that there exists a genuine issue to be tried." Local Civ. R. 56.1(b). "There is no provision for a responsive 56.1 Statement to include additional facts that are not in dispute but that a party opposing summary judgment simply thinks are important; any additional facts should be confined to material facts in dispute." *Ostreicher v. Chase Bank USA, N.A.*, No. 19-CV-8175, 2020 WL 6809059, at *1 n.1 (S.D.N.Y. Nov. 19, 2020). Despite the impropriety of Plaintiff's submission, I have considered it and Defendants' responses thereto. (ECF No. 38.) Additionally, Plaintiff's 56.1 Stmt. fails to comply with item 2.C.i of my Individual Practices, which requires the opposing party to reproduce each entry in the moving party's Rule 56.1 Statement before setting out its response thereto. Plaintiff's failure to reproduce Defendants' 56.1 statements defeats the purpose of my individual practice, which is designed to obviate the need to go back and forth between the two Rule 56.1 Statements. Finally, in several instances Plaintiff does not respond to an allegation with evidence, but instead states, "Plaintiffs neither admit nor deny the allegations contained in this paragraph and leave Defendants to their proofs." (P's 56.1 Stmt. ¶¶ 5, 6,13, 21.) Under Local Rule 56.1, any portion of Defendants' 56.1 statement that is properly supported, and that Plaintiff does not specifically deny *with evidence*, is deemed admitted for purposes of this motion. *See Giannullo v. City of N.Y.*, 322 F.3d 139, 140 (2d Cir. 2003); *Johnson v. City of N.Y.*, No. 15-CV-6915, 2019 WL 294796, at *10 n.8 (S.D.N.Y. Jan. 23 2019); *Universal Calvary Church v. City of N.Y.*, No. 96-CV-4606, 2000 WL 1745048, at *2 n.5 (S.D.N.Y. Nov. 28, 2000); L.R. 56.1(c); L.R. 56.2.

Plaintiff claims that from September 3, 2018 to September 1, 2019, he worked 76 hours per week: from 10 a.m. to 10 p.m. on Sundays, Tuesdays, Wednesdays, and Thursdays, and from 10 a.m. to 12 a.m. on Fridays and Saturdays, with no holidays or vacations except Mondays off. (P's 56.1 Stmt. ¶ 7.) Plaintiff further claims he had a "mutual agreed oral agreement" for base compensation of $30,000 per year, but that he did not receive any compensation from Defendants, only W-2s given to him by Defendant Wang. (*Id.*; P's Aff. ¶¶ 6-7.) He also confusingly states that he "received W2s and the annual salary $65,000.00 payments." (P's Aff. ¶ 11.) According to Defendants, Plaintiff – who was in charge of payroll at the restaurant, (Ds' 56.1 Stmt. ¶ 14) – never submitted timesheets documenting the claimed hours, (*id.* ¶¶ 5-7; ECF No. 35-1 ("Wang Aff.") ¶ 5), and accordingly was paid biweekly for 80 hours of total work, (Ds' 56.1 Stmt. ¶ 7; ECF No. 35-2 at 27-36).[2] Plaintiff's W-2s from Sunwoo Trade, Inc. and its payroll records show he was paid $9,230 for the 17 weeks he worked in 2018 and $20,769 for the 35 weeks he worked in 2019, (ECF No. 35-2 at 27-32, 38-39; Ds' 56.1 Stmt. ¶ 8), which equates to about $13.57 per hour and $14.84 per hour in those years, respectively – higher than the minimum wage – assuming a forty-hour workweek. (Ds' 56.1 Stmt. ¶¶ 8-9.) Plaintiff states that an entity called Sunwoo Management, Inc., which – like Sunwoo Trade, Inc. – was owned by Defendant Wang, was his employer from February 26, 2017 until February 1, 2018, (P's 56.1 Stmt. ¶ 26; P's Aff. ¶¶ 3, 11), and he provides W-2s from Sunwoo Management, Inc. reflecting $5,000 in wages for 2018 and $52,500 for 2019, (ECF No. 40-3 at 3-4).

Prior to this lawsuit, Plaintiff separately sued Defendants, alleging that they reneged on a promise to give him a 50% ownership interest in the business in exchange for his substantial cash

[2] Citations to ECF No. 35-2 refer to the page numbers generated by the Court's electronic filing system.

investment. (Ds' 56.1 Stmt. ¶ 10; P's 56.1 Stmt. ¶ 10; ECF No. 35-2 at 54-59). Plaintiff appeared for two depositions in connection with the other suit. (Ds' 56.1 Stmt. ¶ 11; *see* ECF No. 35-3 ("P's Depo. 1"); P's Depo. 2.) When asked if he was a dishwasher as opposed to a manager, Plaintiff testified, "I have to do everything. . . . As far as I can remember, I had those different jobs, including washing the dishes, manag[ing] the floor, tak[ing] care of the raw materials. Everything." (P's Depo. 1 at 52:13-25; Ds' 56.1 Stmt. ¶ 13.) In describing what he did to manage the business, Plaintiff stated, "I was responsible for only the raw food for the business operation. I have to watch . . . employees and make sure nobody could steal liquor [or] pieces of beef. . . . Sometimes I had to take care of the broken toilet and some plumbing." (P's Depo. 1 at 55:11-25; Ds' 56.1 Stmt. ¶ 14.) Plaintiff also testified that with Defendant Wang's permission, he signed payroll checks, and handled bank transactions like depositing receipts from the restaurant and obtaining cash for employees' tips. (P's Depo. 1 at 56:2-57:1-3, 58:23-59:6; Ds' 56.1 Stmt. ¶¶ 14-15.)

Plaintiff testified that he did not hire and fire, (P's Depo. 1 at 36:17-21), but stated that he did supervise all of the employees: "It is part of my responsibility, yes. . . . I must take care of everyone corner in the building, from the roof to the basement." (*Id.* at 60:1-9). He testified, however, that everyone knew "the real boss" was Defendant Wang and his ability to supervise the wait staff was limited. (Ds' 56.1 Stmt. ¶ 16; P's Depo. 1 at 60:10-16.) Plaintiff was able to recommend individuals for hiring but Wang made the final decision. (Ds' 56.1 Stmt. ¶ 17; P's Depo. 1 at 53:25-54:3.) When asked about his responsibilities regarding ordering food for the restaurant, Plaintiff said he could not do all of it because "[he had] to run this business outside, other aspects of the operation." (Ds' 56.1 Stmt. ¶ 18; P's Depo. 1 at 60:17-61:2.)

Plaintiff's responsibilities also included sometimes paying sales tax to the State of New York, (Ds' 56.1 Stmt. ¶ 21; P's Depo. 2 at 99:21-100:1), and he issued and signed at least 168 corporate checks between November 2018 and August 2019, (Ds' 56.1 Stmt. ¶ 22; Wang Aff. Ex. G). These corporate checks included revenue payments to Sunwoo; reimbursements to Plaintiff; payroll payments to Plaintiff's wife; payroll payments to employees for salary or tips, some of which may have gone to Plaintiff himself; supply purchases; service, operation, and maintenance fees; and payments to Plaintiff marked "return fees," "cash," "purchase fee" and "return loan." (Ds' 56.1 Stmt. ¶ 22; Wang Aff. Ex. G.) Defendants are unaware why these latter payments to Plaintiff were made. (Ds' 56.1 Stmt. ¶ 22.) In total, these corporate payments Plaintiff made on behalf of the business during the nine-month period amount to $130, 236.93. (*Id.* ¶ 23.)

Defendant Wang also appeared for a deposition in connection with the separate litigation between the parties. (P's 56.1 Stmt. ¶ 24; ECF No. 40-2 ("Wang's Depo.").) When asked about Plaintiff's rights to the company, Defendant Wang responded, "I . . . taught him everything about the company. And I typically – basically given the whole company to him." (P's 56.1 Stmt. ¶ 25; Wang's Depo. at 15:3-8.) Defendant Wang affirmed Plaintiff's testimony regarding Plaintiff's responsibilities, but also claimed that hiring and firing was done by Plaintiff. (Wang's Depo. at 15:9-18.)

### B. <u>Procedural History</u>

Plaintiff brought this suit on November 17, 2020 against Defendants Sunwoo, Wang, and Bao, asserting claims for: (1) Fair Labor Standards Act ("FLSA") violations, including failure to pay minimum and overtime wages, and failure to reimburse for expenses relating to material of the trade; (2) New York Labor Law ("NYLL") violations, including failure to pay overtime and

spread-of-hours pay, failure to provide a time-of-hire wage notice, and failure to provide pay stubs; and (3) breach of contract. (Compl. ¶¶ 46-83.) Defendants answered, (ECF No. 7), and after discovery, the instant motion followed, (ECF Nos. 35-41).

## II. LEGAL STANDARD

### A. Motion for Summary Judgment

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he dispute about a material fact is 'genuine' . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if it "might affect the outcome of the suit under the governing law . . . . Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* On a motion for summary judgment, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255.

The movant bears the initial burden of demonstrating "the absence of a genuine issue of material fact," and, if satisfied, the burden then shifts to the non-movant to "present evidence sufficient to satisfy every element of the claim." *Holcomb v. Iona Coll.*, 521 F.3d 130, 137 (2d Cir. 2008). "The mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." *Anderson*, 477 U.S. at 252. Moreover, the non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986), and "may not rely on conclusory allegations or unsubstantiated speculation," *Fujitsu Ltd. v. Fed. Express Corp.*, 247 F.3d 423, 428 (2d Cir. 2001) (cleaned up).

"A party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials . . . ." Fed. R. Civ. P. 56(c)(1). Where a declaration is used to support or oppose the motion, it "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the . . . declarant is competent to testify on the matters stated." *Id.* 56(c)(4); *see Major League Baseball Props., Inc. v. Salvino, Inc.*, 542 F.3d 290, 310 (2d Cir. 2008). In the event that "a party fails . . . to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion" or "grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it." Fed. R. Civ. P. 56(e).

"[T]he Federal Rules of Civil Procedure allow a party to demonstrate its entitlement to summary judgment by showing a lack of evidence supporting the non-moving party's position." *Girau v. Europower, Inc.*, No. 10-CV-4320, 2017 WL 4124340, at *4 n.4 (S.D.N.Y. Sept. 14, 2017). "A complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (cleaned up). Accordingly, "[t]he moving party is entitled to a judgment as a matter of law [when] the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Id.*

## III. DISCUSSION

### A. FLSA Claims

Plaintiff asserts three FLSA violations against Defendants: that Defendants failed to (1) pay Plaintiff minimum wage as required under 29 U.S.C. § 206(a), (2) pay Plaintiff overtime wages as required under 29 U.S.C. § 207(a), and (3) reimburse Plaintiff for expenses relating to material of the trade. (Compl. ¶¶ 46-53, 58-65, 80-82.) In addition to arguing that Plaintiff has not shown those violations, and that Plaintiff is an exempt employee under the FLSA, Defendants argue that Plaintiff's FLSA claims fail to meet a threshold requirement, in that he has not demonstrated that his employer was an enterprise as defined under the FLSA. (ECF No. 36 ("Ds' Mem.") at 7; ECF No. 39 ("Ds' Reply") at 2-4.) I agree.

To succeed on his FLSA claims, Plaintiff must first show that: "(1) the defendant is an enterprise participating in commerce or the production of goods for the purpose of commerce; (2) the plaintiff is an 'employee' within the meaning of the FLSA; and (3) the employment relationship is not exempted from the FLSA." *Accosta v. Lorelei Events Grp. Inc*., No. 17-CV-7804, 2022 WL 195514, at *3 (S.D.N.Y. Jan. 21, 2022). Under the FLSA, there are two categories of coverage, "commonly referred to as 'individual' and 'enterprise' coverage, respectively." *Jacobs v. N.Y. Foundling Hosp*., 577 F.3d 93, 96 (2d Cir. 2009) (*per curiam*); *see Xiao Dong Fu v. Red Rose Nail Salon*, No. 15-CV-7465, 2017 WL 985893, at *5 (S.D.N.Y. Mar. 13, 2017). "Individual coverage" refers to an employee who has "engaged in commerce or in the production of goods for commerce." *Boekemeier v. Fourth Universalist Soc.*, 86 F.Supp.2d 280, 287 (S.D.N.Y. 2000) (cleaned up). Here, neither party argues that individual coverage applies; rather, Plaintiff alleges enterprise coverage applies. (Compl. ¶¶ 47-49.) To successfully show enterprise coverage, Plaintiff must establish that his employer is an "enterprise" (i) that "has

employees engaged in commerce or in the production of goods for commerce, or . . . employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person"; and (ii) "whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated)." 29 U.S.C. § 203(s)(1)(A); *see Archie v. Grand Cent. P'ship, Inc.*, 997 F. Supp. 504, 528 (S.D.N.Y. 1998). "Upon satisfying the second prong by showing that the enterprise does the requisite dollar volume of business, i.e., $500,000 every year, the plaintiff is virtually guaranteed to satisfy the first prong." *Balderas v. Barmadon Mgmt. LLC*, No. 17-CV-7489, 2019 WL 1258921, at *3 (S.D.N.Y. Mar. 19, 2019) (cleaned up).

Defendants argue that Plaintiff has failed to meet "his essential burden to prove" that Defendants' sales were at least $500,000, (Ds' Mem. at 7), noting that Plaintiff did not "attempt to seek any documents in [discovery] to enable him to prove [Defendants'] annual sales," (Ds' Reply at 3). Plaintiff presents no substantive response but instead argues that the burden of proof regarding the gross annual sales is not on him but is on the Defendants. (ECF No. 41 ("P's Opp.") at 2.) Plaintiff is incorrect.

"In order to establish a violation of the FLSA, a plaintiff must first show that she is a covered employee, who was employed in an enterprise engaged in interstate commerce or in the production of goods for interstate commerce." *Allison v. Clos-ette Too, L.L.C.*, No. 14-CV-1618, 2015 WL 9591500, at *7 (S.D.N.Y.) (cleaned up), *report and recommendation adopted*, 2015 WL 5333930 (S.D.N.Y. Sept. 14, 2015); *see Salustio v. 106 Columbia Deli Corp.*, 264 F. Supp. 3d 540, 550 (S.D.N.Y. 2017) (burden of proof is on Plaintiff to establish that Defendant is enterprise as defined under FLSA); *Ethelberth v. Choice Sec. Co.*, 91 F. Supp. 3d 339, 354 (E.D.N.Y. 2015) ("The plaintiff-employee bears the burden of establishing FLSA coverage to

prove his employer's liability."); *Benitez v. F & V Car Wash, Inc.*, No. 11-CV-1857, 2012 WL 1414879, at *1 (E.D.N.Y. Apr. 24, 2012) (whether defendant qualifies as enterprise under FLSA is an "element that a plaintiff must establish in order to prove liability") (collecting cases).

Plaintiff argues that Defendant has the burden to show *prima facie* entitlement to summary judgment by affirmatively demonstrating the merits of its defense, not merely by pointing to gaps in Plaintiff's proof. (P's Mem. at 9-10.) That may be true in state court, but it is not true in this Court. "It is not the Defendant's obligation, under the Federal Rules of Civil Procedure, to proffer affirmative evidence on an issue on which the Plaintiff carries the burden of proof . . . ." *Camera v. Target Corp.*, No. 18-CV-95, 2020 WL 3051751, at *7 (D. Conn. June 8, 2020). "When the burden of proof at trial would fall on the nonmoving party, it ordinarily is sufficient for the movant to point to a lack of evidence to go to the trier of fact on an essential element of the nonmovant's claim" to satisfy the movant's initial burden on a motion for summary judgment. *CILP Assocs., L.P. v. PriceWaterhouse Coopers LLP*, 735 F.3d 114, 123 (2d Cir. 2013) (cleaned up).

Plaintiff has provided no evidence that shows Defendants' annual sales to be at least $500,000. "[T]he plain language of Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. "This is so even where the party moving for summary judgment does not support its motion with affidavits or other similar materials *negating* the opponent's claim, but instead points only to an absence of evidence in support of the non-moving party's claim . . . ." *Garcia v. Saigon Market LLC*, No. 15-CV-9433, 2019 WL 4640260, at *10 (S.D.N.Y. Sept. 24, 2019) (cleaned up) (emphasis in original). Where, as here, "Defendants

have pointed out to the Court that there is an absence of evidence to support Plaintiff's case," and Plaintiff has not produced evidence that could prove an essential element of its claim, the Court can find no disputed fact issue for trial. *Balderas*, 2019 WL 1258921, at *3. Defendants are therefore entitled to summary judgment on the issue of enterprise coverage.

Because there is no evidence of enterprise coverage, and because Plaintiff does not assert or support any argument establishing individual coverage, all of Plaintiff's FLSA claims are dismissed.

**B. <u>State Law Claims</u>**

The "traditional 'values of judicial economy, convenience, fairness, and comity'" weigh in favor of declining to exercise supplemental jurisdiction where all federal-law claims are eliminated before trial. *Kolari v. N.Y.-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) (citing 28 U.S.C. § 1367(c)(3)) (quoting *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)). Having granted summary judgment on all claims over which this court has original jurisdiction, and having considered the factors set forth in *Cohill*, I decline to exercise supplemental jurisdiction over Plaintiff's NYLL and breach of contract claims, which are dismissed without prejudice.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment is GRANTED. The FLSA claims are dismissed with prejudice. The state-law claims are dismissed without

prejudice. The Clerk of Court is respectfully directed to terminate the pending motion, (ECF No. 35), enter judgment for Defendants, and close the case.

**SO ORDERED.**

Dated: September 20, 2022
White Plains, New York

CATHY SEIBEL, U.S.D.J.